Judge Owsley
delivered the opinion of the Court.
Thompson brought an action of deti-nue against Bell, for a certain sorrel horse.
The declaration charges the horse to have been in the possession of Thompson, as of his own proper goods &c. on the - day of - 1824, and that on that day he was casually iost by him out of his possession; that afterwards, to-wit: on 24th day of November, 1824, the horse came to the possession of Bell by finding, and that Bell, although he well knew the horse to be the property of Thompson, hath not, though often requested so to do, delivered the said horse to Thompson, &c.
Plea, non detmet.
Verdict for plaintiff, but judgment arrested.
issuing tho writ, not the filing tho declaration, is the commencement of the action.
On the declaration there is an endorsement in these words: “Filed 12th February, 1824,” to which is subjoined the name of the cleric.
The writ issued the 16th of December 1824, and was made returnable to the March term thereafter. At the June term, 1825, Bell appeared and pleaded the general issue.
At a subsequent term the issue was tried and a verdict found for Thompson, and judgment tliereon rendered in his favour. After this a motion was made to arrest the judgment, and it was accordingly arrested. The motion was made upon two grounds: 1st. That Thompson declared and filed his declaration before the cause of action accrued. 2nd, That the declaration is insufficient.
The latter ground is clearly untenable. The declaration is in the usual form, and contains every substantial allegation necessary to shew a good cause of action.
The first ground rests for its support upon the endorsement on the declaration. The declaration alleges the cause of action to have accrued the 24th of November, 1824, and according to the indorsement the declaration was filed in February pre-ceeding, so that if the endorsement be considered conclusive as to tbe time the declaration was filed, the time of filing must have preceded the accrual of the cause of action. There are, however, other circumstances contained in the record, which renders it quite probable that in making the endorsement, a mistake was committed by the clerk, as to the time the declaration was, in truth, filed, and that instead of February, 1824, it was filed in February, 1825. Whether or not such a- mistake was committed, we have not thought worth examining. For we understand the suing out of the writ and not the filing the declaration, to be the commencement of the action, and if filed before the cause of action accrued, yet as the declaration contains sufficient matter to sustain the action after it accrued, it is not perceived how the time of filing it can viti *561 ate the verdict, had upon trial of the general issue, pleaded after the cause of action actually accrued.
If a declaration be filed in February, stating a cause of action in No?-vember following, and the writ be issued in December of the same year, and verdict be afterwards rendered for plaintiff on the general issue,.all is well.
' Triplett, for plaintiff; French, for defendant,
The plea put in issue the cause of action, which, according to the statements in the declaration, must have accrued before the writ issued, and after a trial of that issue, any objection to th,e time of filing the declaration is nothing more than an objection as to form and not substance, and should not be regarded-
The judgment in arresting the judgment first rendered upon the verdict must, therefore, be reversed with cost, the cause remanded to the court below, and the. judgment, in conformity with the verdict, permitted to stand.
The defendant in error must pay costs in this case.